## Randolph, Admr., v. Campbell

Before Gibson, P. J., Carson and Cummins, JJ.

*Curran & Curran* and *Wray G. Zelt*, for plaintiff.

*Francis H. Patrono*, for defendant.

GIBSON, P. J., April 25, 1949.—From a verdict for defendant, plaintiff moves for a new trial and the

assigned reasons are that the verdict is against the law, the evidence, the weight of the evidence, and the charge of the court. None of these reasons could be sustained.

From the briefs and the oral arguments, we must conclude that the moving party has abandoned all of these reasons without filing additional reasons which he had the right to do. The motion for a new trial is now based on a ruling on the admission of certain evidence.

This case has twice been tried, resulting both times in a verdict for defendant. It apparently varies each time it is tried. After the first trial, the Supreme Court viewed the negligence as arising from the driver's failure to reduce his speed when compelled to return to the paved highway, by reason of a cinder pile on the berm, where there would naturally be a difference between the elevations of the berm and the paved highway. On the second trial, the negligence appeared to be a failure to reduce the speed when it appeared that an approaching light might blind the driver, and after he had been forced off on the berm by a car, apparently coming across the highway at him, and while traveling on the berm ran into a bank, used the brakes and upset the car. In any event, after two trials and instructions to the jury on the second one concerning which no complaint is made, we cannot say that plaintiff's case is so clear that it would be proper to find the verdict was against the evidence, the weight of the evidence, the law, or the charge of the court.

Without the formality of filing reasons, we think justice requires us to consider the matters which are taken up in the briefs filed by the parties and orally argued.

It is urged on behalf of plaintiff that he was prejudiced by the evidence of witnesses Glen Bannister, John

Luongo, Norton Wright, Maurice Dean, and Martin Harris, and that, by reason of the testimony of these witnesses, having been admitted over his objection, a new trial should be granted.

Charles N. Randolph died as the result of an accident alleged to have resulted from the negligence of George Campbell. It was recognized that the damages recoverable largely depended on ascertaining what the earnings of the deceased person would have been during the period of his life expectancy after deducting from them the probable cost of his maintenance as shown by the evidence, the difference being reduced to its present worth: Murray v. Philadelphia Transportation Co., 359 Pa. 69.

In laying the ground for ascertaining these earnings, it is necessary that the evidence show the age, health, physical condition, education and habits of the person for whose death recovery is sought. This has special reference to habits of industry, thrift and behavior which probably would affect his physical or mental health. After considerable discussion at side-bar, where it was made clear to counsel for both parties that evidence could only be admissible where it related to habits having a bearing on the future earnings of the deceased party, an offer was made on behalf of defendant to prove by certain police officers that between June 1945 and the date of the death of Charles N. Randolph on April 20, 1946, Charles N. Randolph had been arrested four times charged with drunkenness and disorderly conduct, as bearing upon the habits of the deceased. This was objected to. The objection was overruled as follows:

"One of the questions being the value of the life of the deceased based on his net earnings for the remainder of his life, we think it is admissible to show his conduct, character and habits within a reasonable time previous to his death, as bearing upon the proper

amount of any verdict which might be rendered in favor of the plaintiff. The objection is overruled."

The police officers were then called and it appeared from their evidence that Charles N. Randolph had been arrested by police officers of the City of Washington on June 17, 1945, July 1, 1945, September 8, 1945, and April 10, 1946, on charges of disorderly conduct or fighting, or both. There is no evidence whatever of any habits of intemperance or that, by reason of these occurrences, he was absent from his place of employment. We do not think that isolated instances such as these of disorder or a display of a pugnacious attitude can properly be deemed evidence of habit.

When we speak of the habit of a person, we refer to his customary conduct, to pursue which he has acquired a tendency from frequent repetition of the same acts. To state that a person had the habit of drunkenness or intoxication would mean the involuntary tendency of such a person to become intoxicated acquired by frequent repetition. An occasional excess in the use of intoxicating liquors does not constitute a habit. A habit would be established by proof that the person in question indulged in the use of liquors excessively, as a result of a natural or acquired appetite by continued use, until it became a customary practice.

The evidence admitted under this offer does not support the offer and a motion should have been made to strike it out. However, since the verdict was for defendant, and the proof of the amount of damages is therefore immaterial, a mere aborted effort to disprove damages, even though the evidence produced was not admissible, would not alone be a good reason for granting a new trial. There is more to this evidence than a mere attempt to prove a lack of future earning capacity. The evidence itself, the circumstances related, and the business in which the witnesses were engaged, may, and probably did, carry to the jury a

prejudicial effect other than that relating solely to the future earning capacity of the deceased and it may have been intended that it should do so. When the evidence offered totally fails to support the offer that the deceased indulged in the habit of excessive use of intoxicating liquors, and at the same time naturally tended to prejudice the jury against plaintiff's case, we believe justice requires that a new trial be granted.

And now, April 25, 1949, for the reason above set forth, it is ordered that the verdict of the jury be set aside and that a new trial be granted in the above-entitled case.